Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50165 | **DATE** | 6/6/2002 |
| **CASE TITLE** | YING vs. ROCKFORD PUBLIC SCHOOL DISTRICT #205 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the District's motion to dismiss is denied in part, and granted in part.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 0 7 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 JUN -6 PM 3:37 | 6-6-02 date mailed notice | |
| /SEC | courtroom deputy's initials | FILED-WD Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Deborah L. Ying, has filed an amended two-count complaint against defendant Rockford Public School District #205 ("District") claiming violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Jurisdiction and venue are proper pursuant to 42 U.S.C. § 2000e-5(f)(3). The District has filed a motion to dismiss portions of Counts I and II of the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

When ruling on a motion to dismiss for failure to state a claim, the court is to draw all reasonable inferences from the pleadings in plaintiff's favor. See McLeod v. Arrow Marine Transp., Inc., 258 F.3d 608, 614 (7th Cir. 2001). A complaint should not be dismissed for failure to state a claim unless the plaintiff cannot prove any set of facts under her claim that would entitle her to relief. Szumny v. American Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

The District first argues that paragraphs 11 and 12 of the amended complaint are untimely because the events described therein occurred more than 300 days before Ying filed her EEOC charge. In the court's opinion, however, paragraphs 11 and 12 of the complaint do not constitute a cause of action. Rather, these paragraphs merely provide factual background of the events leading up to the District's alleged retaliatory actions against Ying, including her allegations that she was terminated and refused re-hire in retaliation, as a result of her opposition to discriminatory practices. Ying herself has admitted that these paragraphs, in and of themselves, are not intended to give rise to a separate cause of action. (Pl. Resp., p. 4) Because paragraphs 11 and 12 do not give rise to a separate cause of action, whether those facts are time-barred as a cause of action is moot. Indeed, it is possible the information contained in paragraphs 11 and 12 could be admitted as evidence to allow the plaintiff to relate the events leading up to the allegedly retaliatory termination. See, e.g., Hennessy v. Penril Datacomm Networks, Inc., 69 F.3d 1344, 1349 (7th Cir. 1994) (finding that acts occurring outside the 300-day limitations period are admissible for background purposes); Adkins v. Kelly-Springfield Tire Co., No. 97 C 50381, 1998 WL 744052, at *4 (N.D. Ill. Oct. 14, 1998) (Reinhard, J.) (same). For that same reason, this court need not address the issue of whether the actions described in paragraphs 11 and 12 rise to the level of adverse employment actions.

The District next argues that paragraph 25 of the amended complaint alleges a cause of action based upon the "acts and omissions" of the District in receiving Ying's complaints opposing discriminatory practices, as well as wrongful termination. The District poses a similar argument against paragraph 30, asserting that Ying is alleging a cause of action based upon the "acts and omissions" of the District in receiving Ying's complaints opposing discriminatory practices, as well as failure to re-hire. The court disagrees with this reading. A fair reading of these paragraphs demonstrates Ying is alleging (perhaps inartfully) causes of action relating only to the alleged wrongful termination and failure to re-hire. The mention of "acts and omissions by the [District]" is included only to reiterate the reason Ying asserts that she was wrongfully discharged, and later, refused re-hire, namely, that she opposed the District's allegedly "discriminatory practices."

The District further argues that portions of Count II referring to "multiple applications for multiple . . . positions" (Compl. ¶¶ 17-20) should be dismissed because they are beyond the scope of Ying's EEOC charge, which refers to just one act of retaliation for failure to re-hire by stating that Ying "applied and . . . was denied re-hire on or about September 8, 2000." (Compl. Exh. A) Ying's failure to mention any other instances where she claims the District retaliated against her by refusing to re-hire her, the District contends, bars any claim in federal court based on such conduct. (Def. Mem., p. 8)

As a general rule, a Title VII plaintiff may not include in her complaint claims that she failed to include in her underlying EEOC charge. McKenzie v. Illinois. Dep't. of Transp., 92 F.3d 473, 481 (7th Cir. 1996) (citing Cheek v. Western & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994)). Because the only refusal to re-hire mentioned in Ying's EEOC charge is that of September 8, 2000 (Compl. Exh. A.), this court must consider whether the allegations regarding other instances of refusal to re-hire set forth in the complaint are "like or reasonably related to the allegations of the charge and growing out of such allegations." Jenkins v. Blue Cross Mut. Hosp. Ins., Inc., 538 F.2d 164, 167 (7th Cir.) (en banc) (internal quotations omitted), cert. denied, 429 U.S. 986 (1976). If the allegations in the complaint can be reasonably inferred from the assertions in the charge, the allegations in the complaint will be upheld. See id. at 168-69.

All instances of the District allegedly failing to re-hire Ying, except for the instance occurring on or about September 8, 2000, are not reasonably related to the allegations in the EEOC charge. One mention of failure to re-hire on a particular date cannot encompass several instances of failure to re-hire, occurring on different dates. See e.g., Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir. 1992) (holding that EEOC charge and complaint not alike or reasonably related where employee complained to the EEOC of only certain episodes of discrimination, and then sought judicial relief for different episodes of discrimination); see also Cheek, 31 F.3d at 500-01. Moreover, two of the alleged failures to re-hire were for positions other than an Engagement Specialist, the position mentioned in the EEOC charge for which Ying claims she was not hired because of retaliation. Accordingly, the court dismisses that portion of Count II based on all instances of failure to re-hire other than September 8, 2000.

For the reasons stated above, the District's motion to dismiss is denied in part and granted in part. To be clear, what remains are Ying's claim that she was terminated in retaliation for opposing discriminatory practices (Count I), and Ying's claim that she was not re-hired as a result of retaliation on September 8, 2000 (Count II). Those portions of Count II alleging failure to hire on dates other than September 8, 2000 are dismissed.